**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-23046-JB**

JOSE MARTINEZ GUADALUPE,
on behalf of himself as an individual
and on behalf of others similarly situated,

       Petitioner,

v.

MARKWAYNE MULLIN, in his official
capacity as Secretary of Department of
Homeland Security, *et al.*,

       Respondents.
_____/

## ORDER TO SHOW CAUSE AND FOR PRODUCTION OF EVIDENCE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record.  On April 29, 2026, Petitioner, Jose Martinez Guadalupe, filed a verified Petition for Writ of Habeas Corpus and Request for Order to Show Cause (the "Petition"), challenging his immigration detention in the Broward Transition Center in Pompano Beach, Florida. ECF No. [1].  Upon due consideration of the Petition, the pertinent portions of the record, and the relevant authorities, it is hereby:

**ORDERED** as follows:

1.    The Clerk is directed to serve the Petitioner's verified Petition for Writ of Habeas Corpus, ECF No. [1], along with a copy of this Order, upon the Civil Division of the United States Attorney's Office for the Southern District of Florida, Miami Office.

2.    Counsel for Respondents shall notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

3.      **Within three (3) days**, Respondents shall file a memorandum of fact and law ("response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition.  *See* 28 U.S.C. § 2243 (requiring that a response to an order to show cause "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed"). Respondent shall include a copy of the full record in removal proceedings, a transcript of the digital audio recording for those proceedings, and all other records bearing upon the "true cause of the [petitioner's] detention." 28 U.S.C. § 2243.  If any records are redacted, Respondents shall also file unredacted copies of the records **UNDER SEAL**.  It is not necessary for Respondents to file an accompanying motion to seal.  Any audio recordings shall be filed conventionally.

4.      Counsel for Respondents is instructed to caption the response a "response" and not a "motion to dismiss."

5.      Respondents shall refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding.

6.      Petitioner may file a reply within **three (3) days** of Respondent's response.

**DONE AND ORDERED** in Miami, Florida, this 30th day of April, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**